ADAMS, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| AALL AMERICAN CREDIT CARD SERVICES, INC*., et al.*, | ) ) | CASE NO. 5:05CV2654 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Judge John R. Adams |
| v. | ) | |
| | ) | MEMORANDUM OPINION & ORDER |
| ADVANCED FINANCIAL SERVICES OF OHIO, INC., *d/b/a* MERCHANT SERVICE CENTER | ) ) ) | [Resolving Doc. 37] |
| | ) | |
| Defendant. | | |

Plaintiffs AALL American Credit Card Services, Inc. and AALL American Credit Card Solutions, Inc. ("Plaintiffs") filed suit against Defendant Advanced Financial Services of Ohio, Inc. *d/b/a* Merchant Service Center ("Defendant") for breach of two contracts entered into between the parties.  According to Plaintiffs, the contracts at issue called for Plaintiffs to solicit merchants for financial services, including credit card processing through Defendant, in exchange for payment of residual payments on all financial services.  Plaintiffs allege that the contracts at issue specifically required Defendant to pay all residual payments directly to Plaintiffs based on residual payments paid to Defendant by certain credit card processors.  They further allege that the residual payments were in fact paid to Defendant and that said payments are due to Plaintiffs.

Before the Court is Plaintiffs' Motion for Partial Summary Judgment.  In their motion, Plaintiffs seek summary judgment on their first and second claims for relief.  In both claims for

relief, Plaintiffs assert that Defendant breached the contract by (1) failing to pay residual compensation as set forth in the parties' contract, and (2) failing to maintain as confidential Plaintiffs' information on merchants. The Court has been advised, having reviewed the parties' pleadings; motions, oppositions, and replies thereto; attached exhibits; and applicable law. For the reasons that follow, the Court hereby grants Plaintiffs' motion.

The Court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must determine "whether there is the need for a trial — whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Importantly, the Court views the evidence of record and draws all reasonable inferences in the light most favorable to the nonmoving party. *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).

Summary judgment is appropriate if the party that bears the burden of proof at trial does not establish an essential element of its case. *Tolton v. Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original). In order for there to be a genuine issue for trial, there must be sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Id.* at 249.

2

Here, Defendant does not dispute that it owes residual payments.  Rather, Defendant admits that it has not payed the residual payments because another individual has claimed an entitlement to the same residual payments from the same merchants.  This other individual, however, was not a named party to the contracts.  As such, the Court agrees with Plaintiffs for the reasons stated in their Motion for Partial Summary Judgment and Reply Brief that Defendant's decision to withhold the residual payments has no basis in law or fact.  Plaintiffs' Motion for Summary Judgment, therefore, is GRANTED.


IT IS SO ORDERED.

_____January 8, 2006_____                    _____s/John R. Adams_____
Date                                                John R. Adams
                                                    U.S. District Judge

3